THEODORE A. PEARSONS *vs.* GEORGE E. WEBSTER, Clerk of the Court of Common Pleas for the County of Providence.

Under Pub. Stat. R. I. cap. 210, §§ 1, 2, and cap. 218, §§ 6, 7, appeals and reasons of appeal may be entered and filed in the appellate court, by its permission, after the second day of the term.  Nothing in Pub. Laws R. I. cap. 832, § 1, of May 2, 1890, annuls the power to give such permission.  Hence a certificate of non-entry cannot be given during the term while a motion for such permission is pending.

PETITION for a writ of Mandamus.

*July* 5, 1890.  PER CURIAM.  This is a petition for a writ of mandamus to the respondent, as clerk of the Court of Common Pleas, ordering him to issue a certificate under Pub. Laws R. I. cap. 832, § 1, of May 2, 1890.  Said section provides that, whenever the appellant in any civil cause "shall have neglected to enter his appeal in the Supreme Court or Court of Common Pleas within the time provided by law for the entry of such appeal," the adverse party may have the judgment appealed from confirmed by filing in the lower court a certificate, signed by the clerk of the appellate court, stating that the appeal was not entered within the time provided by law.  The law, Pub. Stat. R. I. cap. 218, §§ 6, 7, provides that reasons of appeal shall be filed ten days before the sitting of the court appealed to, but empowers the court appealed to, for cause shown, to permit the filing at any time during the term.  The law also, Pub. Stat. R. I., cap. 210, §§ 1, 2, provides that the appeal shall be entered the second day of the term, with power in the court to allow the entry at a later day in case of accident, mistake, or misfortune.  The petition sets forth that Febru-

ary 3, A. D. 1890, the petitioner recovered a judgment for $100 and costs against one William P. Winslow in the district court of the sixth judicial district; that Winslow filed his appeal bond five days later; that he filed no appeal, nor reasons of appeal, in the Court of Common Pleas, but on the second day of the term moved for leave to file reasons of appeal; that the petitioner asked the respondent for a certificate under said cap. 832, and the respondent refused to furnish it: hence this petition.

The petitioner's contention is, that Winslow has neglected to enter his appeal " within the time provided by law," because he failed to file his reasons and enter his appeal on or before the days specially named therefor. We think an appellant files his reasons and enters his appeal " within the time provided by law " if he files and enters them either on the days named in the statute, or within such further time as the appellate court on motion may allow. We find nothing in said cap. 832 that leads us to think that it was any part of its purpose to cut off the discretionary power given as aforesaid. We think the respondent properly refused to give the certificate, pending said Winslow's motion, before the end of the term. If the motion be denied or dismissed or withdrawn before the end of the term, it may, in our opinion, be properly given. *Petition dismissed.*

*Amasa M. Eaton,* for petitioners.
*John M. Brennan,* for respondent.